Mabtin, J.
It must be conceded that Sparrow incurred an obligation to pay some one the excess of his bid over the amount due on his judgment. Good faith required that he pay it according to his contract to the sheriff before receiving his deed. Clearly, he paid the amount due on his judgment by the satisfaction thereof wrought in taking title as stated. This was done rightly and according to the common *258 course in such cases. He cannot be permitted to take advantage of his own wrong in appropriating the excess to his own use and say that thereby he received from the sheriff no equivalent for money. He would doubtless have been required to pay the sum in dispute if he had truly disclosed the amount of his judgment. Instead of this, he collected more than was due him. Hosack had the right before the sale to pay off the judgment, and thus lawfully and properly retain the amount involved in this suit. And then he would have had his action for reimbursement on the covenant in his deed. Sparrow occupied a double relation. As purchaser he was bound to pay the full amount of his bid, and if he had been such merely he could not have practiced this fraud. As judgment creditor he was bound to pay only the costs, if his judgment equalled or exceeded his bid; and only because he was such creditor he was enabled to and did deceive the sheriff.
' The vendi was a means to an end. Its sole object was to provide payment of the judgment. It commanded the sheriff to make the original amount in full. And the actual transaction operated a collection to the full value of the land and the payment of the same, less costs, over to the creditor.
It was as effectually and precisely done as if Sparrow the purchaser had counted down the amount of his bid en the day of sale, and the sheriff on confirmation had counted back the same less costs to Sparrow the creditor.
In legal effect this was done; and in the transaction the sheriff followed his writ, and for aught shown in this record, is protected in so doing. It follows that Sparrow is liable to the extent of the excess as for money had and received for the use of the party entitled to it.
Is Hosack that party ? If his claim were to collect unpaid purchase money it could not be sustained. The sheriff and the purchaser are the only parties to the sale; and as a general rule such action must be prosecuted in the name of the sheriff or in his right. But as we have seen, this action is not for purchase money, but to recover money made on execution to the extent that it had been previously paid.
*259 It is contended, however, that Hosack may not have paid a valuable consideration for the land, and further that there is no privity between him and Sparrow.
It is admitted that Hosack was owner in fee subject to a lien for the balance due on the judgment. He could not have complained, against Sparrow, of a sale to satisfy the lien. In the event of such sale he would have had his action on the covenant in the deeds. And his^land being merely a security, he would in equity have been entitled to exoneration from the judgment debtors — the principals. It is difficult to see on what theory Polly Adams is interested in the fund in controversy — she did not pay it or any part of it directly or indirectly; nor is she injured or subjected to liability in consequence of its payment. It was made exclusively out of the property of Hosack, and in equity belonged to him. True, there is no privity of contract between him and Sparrow. Nor is it essential there should be in order to maintain assumpsit.
Counsel argue, and perhaps rightly as a general rule, that under the code system the old count for money had and received can be employed only where money has been actually received by a defendant for plaintiff’s use. This may be.granted, and the allegation of the petition that the sum was had and received by Sparrow for the use of the plaintiff be rejected as a statement of a mere legal conclusion. Nevertheless a perfect statement of a cause of action remains. Not the common count for money had and received, but a recital of facts which conclusively shows that Sparrow received the equivalent of money for which in justice and honesty he should have accounted to Hosack.
It results that the demurrer was not well taken, and that the district court was right in so holding.

Judgment affirmed.